# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cr208

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **JERRY LEE GRIER, JR.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's pro se letter dated November 15, 2012, in which defendant requests that the court modify the sentence it imposed June 27, 2012, as reflected in the Judgment entered July 6, 2012. While the court ran defendant's sentence for violation of supervised release concurrent with the sentence imposed in this matter, defendant asks the court to now "run my 38 mo[nth] sentence 'partially' concurrent (19) mo[nth]s with my 21 mo[nth] SRV" or "that you modify my sentence and sentence me to serve my last (12) mo[nth]s of my sentence on home confinement . . . ." Letter, at 2. Defendant bases such request on a purported decision by the Bureau of Prisons ("BOP") not to allow defendant to participate in its drug treatment program which "would have given me a total of (12) mo[nth]s off my sentence and (6) mo[nth]s at a halfway house . . . because I stayed in the county jail a little to[o] long . . . ." Id., at 1.

First, review of the docket reveals that defendant remains represented by retained counsel. Thus, any request to the court must be made by such counsel. L.Cr.R. 47.1(H)

Second, the court made no recommendation as to participation in any particular program. The court actually recommended, as follows:

> [That defendant] Participate in any available substance abuse
> treatment programs while incarcerated and if eligible receive

-1-

benefit of 18:3621(e)(2).

Judgment (#23), at 2. The PSR reflected that defendant self reported routine use of alcohol, cocaine, and Ecstasy (PSR, at ¶¶ 153-155), which was sufficient information to support the general recommendation contained in the Judgment. Whether such self-reported drug use is sufficient for BOP to place defendant in any particular program (and in particular RDAP), determination of eligibility is left up to the BOP.

Third, this court cannot afford defendant the relief he seeks - - post-judgment modification of his sentence - - because, according to 18 U.S.C. § 3582, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582. None of the exceptions to such rule apply here. See 18 U.S.C. § 3582 (c)(1)(A),(B).

Finally, to the extent defendant is serious about participating in drug treatment, the court is confident that his pretrial services officer will make such programs available to him if such need is determined while serving his three years of supervised release.

\* \* \*

Although defendant's request is not something this court can grant, the court may make a recommendation to the BOP that an inmate be allowed to participate in a particular program. The court's recommendation is not binding on the BOP. The court understands that there are eligibility requirements for the Residential Drug Treatment Program. Under the BOP's criteria for placement in the program, the petitioner must have a "verifiable documented drug problem." Federal Bureau of Prisons, U.S. Dept. of Justice, *Drug Abuse Programs Manual - Inmate, Program Statement* 5330.10 (1997). In order to demonstrate such a drug problem, "[t]he inmate must meet the diagnostic criteria for substance abuse or dependence indicated in the *Diagnostic and Statistical Manual of the Mental Disorders*, Fourth Edition, (DSM - IV)." Id. Under the DSM-IV criteria, an inmate must demonstrate

drug use at least a year prior to sentencing to be diagnosed as has having a drug problem.

The court has reviewed the original judgment in this matter and the Presentence Report. The pretrial services report documented defendant's *self reported* use of controlled substances while on supervised release; however, his urine screens tested negative during that period and none of the supervised release violations in charged in 3:03cr84 involved use of controlled substances.

Based on such information, the court will make a non-binding recommendation that defendant's case manage at the Bureau of Prisons closely review petitioner's self-reported history of drug abuse and determine what if any programs would be beneficial to defendant while incarcerated.

***

Defendant is advised that this is the <u>most</u> the court can do as the decisions of the BOP are not subject to review by this court and there is no authority for modifying the Judgment at this point.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief from the court in his pro se letter dated November 15, 2012 (#27), such request is denied for the reasons herein stated.

The Clerk of Court shall send a copy of this Order to the United States Marshal, who shall in turn provide it to the Bureau of Prisons, in the care of defendant's case manager.

Signed: November 29, 2012

Max O. Cogburn Jr.
United States District Judge